# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 25-5052**                                    **September Term, 2024**

**1:25-cv-00385-ABJ**

**Filed On:** March 5, 2025

Hampton Dellinger, in his personal capacity
and in his official capacity as Special Counsel
of the Office of Special Counsel,

          Appellee

    v.

Scott Bessent, in his official capacity as
Secretary of the Treasury, et al.,

          Appellants

     **BEFORE:**   Henderson, Millett, and Walker, Circuit Judges

## O R D E R

Upon consideration of the emergency motion for a stay pending appeal and the opposition thereto; the Rule 28(j) letter and the response thereto; the consent motion to participate as amicus curiae filed by the Separation of Powers Clinic and the lodged amicus brief; the corrected amici brief lodged by the States, which is construed to contain a motion to participate as amici curiae; the motion to participate as amicus curiae filed by Cathy A. Harris and the lodged amicus brief; and the motion to participate as amici curiae filed by the Government Accountability Project, et al., and the lodged amici brief, it is

**ORDERED** that the motions for leave to participate as amicus curiae be granted. The Clerk is directed to file the lodged amicus briefs.  It is

**FURTHER ORDERED** that the emergency motion for a stay pending appeal be granted, and that the district court's March 1, 2025 order be stayed pending further order of the court, except to the extent that order vacates the Temporary Restraining Order entered by the district court on February 12, 2025.  This order gives effect to the removal of appellee from his position as Special Counsel of the U.S. Office of Special Counsel.  Appellants have satisfied the stringent requirements for a stay pending appeal.  See Nken v. Holder, 556 U.S. 418, 434 (2009); D.C. Circuit Handbook of Practice and Internal Procedures 33 (2024).  An opinion will follow in due course.  It is

**FURTHER ORDERED**, on the court's own motion, that this case be expedited. The following briefing schedule will apply:

    Appellants' Brief                                    March 21, 2025

# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 25-5052**                                        **September Term, 2024**

Appendix                                    March 21, 2025

Appellee's Brief                            April 4, 2025

Appellants' Reply Brief                     April 11, 2025

The Clerk is directed to calendar this case for oral argument this term on the first appropriate date following the completion of briefing.  The parties will be informed later of the date of oral argument and the composition of the merits panel.

Appellants should raise all issues and arguments in the opening brief.  The court ordinarily will not consider issues and arguments raised for the first time in the reply brief.

To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms.  While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known.  See D.C. Circuit Handbook of Practice and Internal Procedures 43-44 (2024); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due.  Filing by mail may delay the processing of the brief.  Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail.  See Fed. R. App. P. 25(a).  All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover.  See D.C. Cir. Rule 28(a)(8).

**Per Curiam**

FOR THE COURT:
Clifton B. Cislak, Clerk

BY:    /s/
Selena R. Gancasz
Deputy Clerk